GENTRY and others *v.* SUPREME LODGE, KNIGHTS OF HONOR.

*(Circuit Court, D. Indiana.   April 7, 1885.)*

LIFE INSURANCE—KNIGHTS OF HONOR—CHANGING APPOINTMENT OF BENEFICIARY.
    A party to whom a benefit certificate has been issued by the order of the Knights of Honor may revoke the appointment of the beneficiary named therein, and appoint a new beneficiary, to whom the benefit will be payable on his death, "in good standing."

At Law.
*J. E. Williams,* for plaintiffs.
*James O. Pierce,* for defendant.
    WOODS, J.    The plaintiffs sue upon a benefit certificate issued by the order of the Knights of Honor, in 1877, to John P. Gentry, in which it was stipulated that the sum of $2,000 should, upon his death, in good standing, be paid to "such person or persons as he might direct," and upon the margin of which certificate he directed that said sum should be paid to his wife and children, who are the present plaintiffs.
    Defendants' answer sets up the charter of the defendant corporation, granted by the legislature of Kentucky, and the constitutions and by-laws adopted by the order, and shows that the privilege was reserved to Gentry, not only to nominate a beneficiary, but to revoke said nomination and change the beneficiary at pleasure; that previous to his death, in 1881, he exercised this privilege, surrendered the benefit certificate now sued on, and applied for a new one, which was issued to him, and in which he directed that his benefit be paid to Mrs. Minnie L. Jones, a creditor and not a relative; and that upon the death of said Gentry, the defendant paid the said sum of $2,000 to said Mrs. Jones.    The demurrer filed by plaintiffs to this answer raises the question of the sufficiency of this defense.

Plaintiffs' counsel relies upon the grant of power in defendant's charter to establish a widows' and orphans' benefit fund, from which, in case of the death of a member who has complied with all its lawful requirements, "a sum not exceeding $5,000 shall be paid to his family, or as he may direct." It is insisted that this clause of the charter establishes the family of the member, who at his death may fall in the category of "widows and orphans," as a class to which the member is limited in designating his beneficiary. The question has been several times decided by other courts, under this and similar charters or constitutions, and it has been held that the words "or as he may direct," or others of similar import, confer upon the member a general power of designating as beneficiary any person or persons whom he may choose. In the opinion of the court, this must be regarded as the correct rule for the present case.

The defendant's charter was so construed in the following-named cases, in which certificates of membership were involved, in terms substantially the same as the one now before the court: *Highland* v. *Highland*, 16 Chi. Leg. News, (Ill.) 272; *Tennessee Lodge* v. *Ladd*, 5 Lea, 716; *Supreme Lodge* v. *Martin*, 12 Ins. Law J. 628.

For cases in which the unlimited right to change the beneficiary has been conceded to the members of other mutual benefit societies, see *Durian* v. *Central Verein*, 7 Daly, 168; *Swift* v. *Conductors' Ass'n* 96 Ill. 309; *Splawn* v. *Chew*, 60 Tex. 532; *Hellenberg* v. *I. O. B. B.* 94 N. Y. 580; *Relief Ass'n* v. *McAuley*, 2 Mackey, 70.

It is urged that the courts of Kentucky, in which state the defendant was incorporated, have taken a different view of the question. It appears, however, that there is no real conflict of authority. The Kentucky cases in which it has been held that the member's power of appointment is limited to his family, or to some portion thereof, as a class, are cases in which such a limitation was found in the charter. *Masonic Ins. Co.* v. *Miller's Adm'r*, 13 Bush, 489; *Weisert* v. *Muehl*, 5 Ky. Law Rep. 285; *Hallan* v. *Gardner*, Id. 857. But the court of appeals of Kentucky, while so deciding, recognizes the principle that in these mutual benefit societies, the member may have as broad a range of choice in selecting his beneficiary as the organic law of his society gives him. *Van Bibber's Adm'r* v. *Van Bibber*, 14 Ins. Law J. 290; *Duvall* v. *Goodson*, 79 Ky. 224.

It results that the appointment of the plaintiffs as beneficiaries under the original certificate issued to Gentry was subject to revocation by him, and that the appointment of a new beneficiary and the payment of the fund to her did not violate any right of the plaintiffs.

The plaintiffs electing to offer no reply to the defendant's answer, defendant is entitled to a judgment in its favor on the answer.