W. J. OLMSTEAD, *et al.*, v. THE MASONIC MUTUAL BENEFIT SOCIETY OF KANSAS, *et al.*

| 37 | 93 |
| 40 | 573 |
| 37 | 93 |
| c70 | 122 |

| 37 | 93 |
| f77 | 288 |
| e77 | 289 |

| 37 | 93 |
| f78 | 310 |
| 79 | 498 |

LIFE INSURANCE; *Beneficiary, Not Changed by Will.* O. became a member of a coöperative life insurance company organized under the laws of Kansas for the purpose of giving aid to the widows, orphans and dependents of deceased members. By the terms of his contract with the company, the benefit was payable to his wife or her legal representatives. His wife died during his lifetime, but no affidavit was made as prescribed in § 76, chapter 93, Laws of 1871, nor did he take any steps to appoint any person as beneficiary in place of his deceased wife, except that he undertook to dispose of the benefit arising from his membership by a will. *Held*, That the will was ineffectual to dispose of the money payable on account of his death, or to divert the same from the heirs of his deceased wife.

*Error from Reno District Court.*

ACTION by *Oscar W. Olmstead*, executor of the estate of David D. Olmstead, deceased, against *The Masonic Mutual Benefit Society of Kansas*, upon a policy issued by said society

on the life of D. D. Olmstead. Trial at the September Term, 1885, and judgment for the plaintiff. W. J. Olmstead and the other legal representatives and heirs of Jennett Olmstead have brought the case to this court. The opinion contains a sufficient statement of the facts.

*Vandeveer & Martin,* for plaintiffs in error.
*Whiteside & Hutchinson,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a controversy among several claimants to money due upon a certificate of membership issued by the Masonic Mutual Benefit Society of Kansas, a coöperative insurance company organized for charitable and benevolent purposes. It was organized under the laws of Kansas, and its declared purpose is "to give financial aid and benefit to the widows, orphans and dependents of deceased members thereof." David D. Olmstead became a member of the society, and as such there was issued to him on February 4, 1874, a certificate of membership, by which it was agreed that his beneficiary or beneficiaries would be entitled to a sum not exceeding two thousand dollars upon his death, if certain rules and requirements were complied with. It was expressly agreed and stated in the certificate that the benefit should be paid to Jennett Olmstead, his wife, or the legal representatives of the said Jennett Olmstead. On the 5th day of August, 1878, Jennett Olmstead died, and left surviving her the husband, D. D. Olmstead, and several children, the fruits of the marriage relation with D. D. Olmstead. On the 25th day of August, 1884, D. D. Olmstead died, leaving no other heirs than those heretofore named as the heirs of Jennett Olmstead. Shortly before his death he executed a will in which he named his son, Oscar W. Olmstead, as executor, and by which he undertook to bequeath the benefit to be derived from his membership in the insurance company. He gave in unequal amounts about one-half of the benefit to seven of his children, and to the one appointed executor he gave the residue, and directed him to

pay therefrom certain doctor bills, his funeral expenses, and also for his tombstone. The certificate of membership remained in the possession of D. D. Olmstead during his lifetime, and all fees charged and assessments made thereon were paid. No change was made in the beneficiary, either before or since the death of Jennett Olmstead, and the Masonic Mutual Benefit Society never received from the assured, nor from anyone else, an affidavit setting forth the facts with reference to the decease of Jennett Olmstead; and there was never issued any other certificate or policy in lieu of the one originally issued. The Masonic Mutual Benefit Society admits its liability upon the certificate, and is willing to pay the same to whomsoever is entitled to receive it. Oscar W. Olmstead claims the money as executor of the last will and testament of D. D. Olmstead, and has brought the present action against the society to recover the same. The society brought the money into court and asked that the legal representatives and heirs of Jennett Olmstead be made parties defendant, and a determination made as to whom the money belonged. At the trial it was determined that D. D. Olmstead could dispose of the benefit by his will, and the claim of the executor was sustained. The plaintiffs in error complain of this judgment.

We are to decide whether the beneficiary named in the certificate could be changed and the fund disposed of by the will, as was attempted to be done. The general rule applicable to policies of ordinary life insurance companies is, that the rights of the beneficiary are vested when the policy is taken out, and the assured cannot, by will, deed or otherwise, change the beneficiary or transfer the interest vested without the consent of the beneficiary named in the contract. (Bliss on Life Ins., § 318.) It is insisted that the certificates issued by coöperative insurance companies, like the Masonic Mutual Benefit Society of Kansas, are not governed by the rule mentioned, and that in such cases the rights of the beneficiary are not fixed upon the issuance or by the terms of the certificate, but do depend upon the standing of the assured in the society and his rights under the constitution and by-laws of the society;

and therefore the member may exercise the power of changing the beneficiary. Among the authorities cited which appear to support this proposition are the following: *Presbyterian Fund v. Allen,* 106 Ind. 593; same case, 7 N. E. Rep. 317; *Legion of Honor v. Perry,* 140 Mass. 580; *Hellenberg v. I. O. B. B., etc.,* 94 N. Y. 580; *Ballou v. Gile,* 50 Wis. 614; *Gentry v. Supreme Lodge,* 20 Cent. L. J. 393; *Benefit Society v. Burkhart,* 10 N. E. Rep. 79; *Swift v. Benefit Association,* 96 Ill. 309.

However well founded this distinction may be, it is clear that the beneficiary can only be changed and the benefit transferred to another in the manner prescribed by the rules and regulations of the society, and in accordance with the terms of the contract. The contract in this case specifically provided that the benefit should be paid to the wife of the member, or to her legal representatives. The addition of the words "legal representatives" clearly imports that, in case of her death, the benefit should be paid to her heirs or next of kin who fall within the classes mentioned in the charter to whom aid may be given. Thus the contract fixed and limited the persons who might receive the benefit. If we assume, as the authorities appear to hold, that a member of a coöperative society retains the power to change the beneficiary, still he cannot exercise his power except with the consent of the society, and in conformity with the rules and regulations of the society. (*Aid Society v. Lupold,* 101 Pa. St. 111; *Vollman's Appeal,* 92 Pa. St. 50; *Eastman v. Relief Association,* 20 Cent. L. J. 266: *Hellenberg v. I. O. B. B., etc.,* 94 N. Y. 580; *Presbyterian Fund v. Allen,* 106 Ind. 593; *Insurance Co. v. Miller,* 13 Bush, 489; *Gentry v. Supreme Lodge,* 20 Cent. L. J. 393.)

No provision was made in the certificate of membership for a change in the beneficiary, and the record does not show what rules, if any, the society had made respecting such change. It is admitted that no new designation was made by the assured prior to the death of his wife, nor was any change afterward made, except as attempted by the will.

Section 76, chapter 93, Laws of 1871, provides that —

"In case any life insurance company organized under the

laws of this state shall have issued or may hereafter issue any policy of insurance upon the life of any person or persons for another's benefit, and such beneficiary dies during the lifetime of the person or persons whose life or lives are assured by said insurance policy or policies, then it shall be lawful for such company to receive from the person or persons whose lives are assured, an affidavit setting forth the facts in the case; and if it shall appear from such affidavit that the affiants have theretofore paid the annual premium on such policy or policies, and intended thereby to insure for the benefit of the person or persons named in such policy or policies, as beneficiary, that such person or persons are dead, and that said policy or policies have not been assigned or transferred to any person or persons, and nominating or appointing some other person or persons as beneficiary, in place of the said deceased in said policy or policies named, it shall then be the duty of said insurance company to take up and cancel said policies, at the request of said assured, and issue in like terms another policy or policies upon the life or lives of said insured for the benefit of the beneficiary in said affidavit nominated."

This statute applies to the defendant society. It was enacted prior to the making of the contract in question, and the parties must be held to have contracted with reference to it. It prescribes the manner by which the member may designate a beneficiary where the one first appointed has deceased, and it appears to be the only mode prescribed. We think the maxim, *Expressio unius est exclusio alterius*, applies; and as the prescribed mode has not been followed, no change was actually made, and therefore the benefit must be paid according to the terms of the contract. The assured had no interest in the benefit resulting from his membership. In no event was it payable to him, nor could it become a part of his estate; and having no interest in the fund, what was there for him to bequeath? We think the will was ineffectual to change the beneficiary or divert the fund from the persons named in the certificate, to wit: the representatives of Jennett Olmstead. It follows that the judgment of the district court must be reversed, and the cause

*Life insurance; beneficiary, not changed by will.*

remanded with instruction to enter judgment in favor of the plaintiffs in error.

All the Justices concurring.