J. E. HULL, Administrator, Appellant, v. BROTHERHOOD OF
AMERICAN YEOMEN et al., Appellees.

**INSURANCE:** Life Insurance—Proceeds of—Beneficiary by Will. The proceeds of a life insurance policy may not be disposed of by will when the policy distinctly provides the method of changing the beneficiary. It follows that, when the beneficiary predeceases the insured, and the insured fails to name a new beneficiary in the manner specified in the policy, the proceeds must be disposed of in accordance with the provisions which the policy has provided for such circumstances.

Headnote 1: 37 C. J. pp. 574, 587; 29 Cyc. pp. 135, 159.

*Appeal from Wapello District Court.*—W. M. WALKER, Judge.

FEBRUARY 10, 1925.

ACTION upon a certificate of life insurance. Intervention by the heirs at law of the insured, claiming the proceeds of the certificate. A demurrer to the petition of intervention was overruled; and, the plaintiff electing to stand thereon, and refusing to plead further, judgment was entered in favor of interveners. Plaintiff appeals.—*Affirmed.*

*F. G. Orelup,* for appellant.

*E. R. Mitchell,* for appellees.

STEVENS, J.—This is an action upon a certificate of life insurance issued by the appellee Brotherhood of American Yeomen upon the life of Elmer Campbell. The beneficiary named in the certificate predeceased him.

The by-laws of the association provided specifically the

method of changing beneficiaries, the provision being the one frequently incorporated in the by-laws of insurance associations organized on the plan of appellee. No attempt was made by the member to change the beneficiary in the manner provided by the by-laws of the association, but he did attempt to dispose of the proceeds of the certificate by will. Section 161 of the by-laws of the association provides as follows:

"In the event of the death of a beneficiary or beneficiaries before the death of the member, *and the member shall have made no other disposition of the benefits,* that portion of the benefits made payable to the deceased beneficiary or beneficiaries shall be paid to the legal heirs of such deceased member."

The law is well settled in this state that, where the certificate provides a method for changing the beneficiary, that method is exclusive, and must be followed. *Wilmaser v. Continental Life Ins. Co.,* 66 Iowa 417; *Stephenson v. Stephenson,* 64 Iowa 534; *Shuman v. American O. U. W.,* 110 Iowa 642; *Modern Woodmen of America v. Little,* 114 Iowa 109; *Holden v. Modern Brotherhood of America,* 151 Iowa 673; *Wendt v. Iowa Legion of Honor,* 72 Iowa 682; *Schoep v. Bankers Alliance Ins. Co.,* 104 Iowa 354.

Nor may the insured, under such circumstances, designate or appoint another beneficiary by will. *Wilmaser v. Continental Life Ins. Co.,* supra; *McClure v. Johnson,* 56 Iowa 620; *Wendt v. Iowa Legion of Honor,* supra; *Pilcher v. Puckett,* 77 Kans. 284 (94 Pac. 132); *Olmstead v. Masonic Mut. Ben. Soc.,* 37 Kans. 93 (14 Pac. 449); *Daniels v. Pratt,* 143 Mass. 216 (10 N. E. 166).

The exceptions to the above rule recognized by this court are found in *Brinsmaid v. Iowa State Trav. Men's Assn.,* 152 Iowa 134, and *Townsend v. Fidelity & Cas. Co.,* 163 Iowa 713. In the first of the above cases, the certificate provided that the benefit might be made payable to a legatee; and this was held to authorize the disposition thereof by will, as there is nothing in the statutes of this state or the by-laws of the association in any way conflicting therewith.

In the *Townsend* case, we held that, where a policy is silent as to the method of changing the beneficiary, such change may be made by will.

The provision of the by-laws quoted above cannot be construed to refer to the manner of changing beneficiaries, as the certificate contained specific provisions on that subject, and required that they be followed. · It results that the attempt of the testator to dispose of the proceeds of the insurance by will was ineffectual, and the demurrer to the petition of intervention was properly overruled. The proceeds, which, by agreement, were paid into court by the association, constitute no part of the estate of Elmer Campbell, and the administrator has no right thereto. Under the terms of the certificate, they belong to the heirs at law of the insured.—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.