Metropolitan Life Insurance Company, Plaintiff Below. Silas Justice, Executor of Last Will and Testament of William C. Jones, Deceased, Appellee, v. Anna Belle Jones, Appellant.

**Gen. No. 40,594.**

Opinion filed December 30, 1940.

WILLIAM H. HARRISON, SYDNEY P. BROWN and BINDLEY C. CYRUS, all of Chicago, for appellant.

GEORGE A. BLAKEY, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a decree which ordered that the legatees under the will of William C. Jones were entitled to $1,081.64, the proceeds of a life insurance policy. Plaintiff, Metropolitan Life Insurance Company, filed a complaint of interpleader, alleging that Anna Belle Jones and Silas Justice, executor of the last will and testament of William C. Jones, deceased, were claimants to the proceeds of a life insurance policy on the life of said William C. Jones, who died January 25, 1938, and that it desired to bring the money into court so that it might be paid to the party determined by the court to be rightfully entitled thereto. Both defendants filed answers asserting their respective claims and the fund was deposited with the clerk of the court. Hereinafter, for convenience, defendant Anna Belle Jones will be referred to as appellant and defendant Silas Justice, executor of the last will and testament of William C. Jones, deceased, will be referred to as appellee.

The cause was heard upon the following agreed statement of facts:

"(1) That the Metropolitan Life Insurance Company, plaintiff, is a New York corporation.

"(2) That plaintiff issued and delivered a certain group policy of insurance, No. 2893-G, on the lives of the Employees of Armour and Company and issued to William C. Jones Certificate No. 19433, Exhibit 1, in the sum of One Thousand ($1,000) Dollars, and Anna Belle Jones was named as beneficiary.

"(3) That said group policy contained a provision as follows:

"12. Change of Beneficiary.—Any Employee insured hereunder may, from time to time, change the

Beneficiary by filing a written notice thereof with the Employer, accompanied by the Certificate evidencing the insurance of such Employee. Such change shall take effect upon endorsement thereof by the Employer on such Certificate and unless such Certificate is so endorsed, the change shall not take effect.

"(4) That William C. Jones, insured, executed a last will and testament, Exhibit 2, before his death, naming Silas Justice as executor and undertook to distribute the benefits of said certificate to several persons named in said will.

"(5) That the said William C. Jones was a citizen of the State of Illinois, the policy was delivered to him in Illinois, he paid his premiums in Illinois and he died in Illinois.

"(6) That William C. Jones did not file a written notice for change of beneficiary with the employer, did not send certificate evidencing the insurance and the certificate did not have the endorsement of the employer thereon.

"(7) That Anna Belle Jones is claiming as beneficiary and Silas Justice is claiming as executor under the will; that William C. Jones died January 25, 1938."

Appellant contends that she is entitled to the fund in question because she was the beneficiary designated in the policy when same was issued and no step was taken by the insured during his lifetime to change the beneficiary in accordance with the provisions of said policy.

The theory of appellee is that he is entitled to the insurance because the disposition of the proceeds of the policy made by the decedent in his will was legally effective to accomplish the change of beneficiary.

The real question presented is whether the insured under a group policy of insurance, which reserved to him the right to change his beneficiary and which pro-

vided specifically the method and manner of making such change, may change his beneficiary by his will so that the legatees named therein will be entitled to receive the proceeds of the policy rather than the designated beneficiary.

As heretofore shown William C. Jones, the decedent, was an employee of Armour & Company and was insured for $1,000 under the group policy. He named appellant, Anna Belle Jones, his beneficiary. Jones did not seek or attempt to change his beneficiary during his lifetime by the method prescribed in the policy but made a will which directed that the proceeds of the insurance be paid to his executor for distribution to certain legatees named in his will.

The group policy provided specifically the method of changing beneficiaries, the provision being one frequently incorporated in ordinary or old line life, group life and fraternal or mutual benefit life insurance policies. No attempt was made by the insured to change the beneficiary in the manner prescribed in the policy, but he did attempt to dispose of the proceeds of the policy by will. Where a policy provides a method for changing the beneficiary, that method is exclusive and must be followed and the insured may not under such circumstances designate or appoint another beneficiary by will. (*Hull v. Brotherhood of American Yeoman*, 199 Iowa 356, 202 N. W. 6; *Metropolitan Life Ins. Co. v. Brown*, 222 Ky. 211; *Finnell v. Franklin*, 55 Colo. 156, 134 Pac. 122; *Seavers v. Metropolitan Life Ins. Co.*, 132 Misc. 719, 230 N. Y. S. 366.) In *Aetna Life Insurance Co. v. Mattie Marsh*, 274 Ill. App. 668 (Abst.), we were called upon to consider a provision in a group insurance policy for changing the beneficiary similar to that before us in this case. There it was argued that the employee insured had changed his beneficiary under an original policy of insurance by a change which he made in the name of his beneficiary

on his application for additional insurance, and we held:

"Even though it was his intention and he meant to so disclose it by his conduct, nothing that he did, in our opinion, had the effect of designating a new beneficiary under the first policy. The provisions of his contract of insurance set forth the plan by which the reserved right to change the beneficiary might be made effective. The general rule supported by the great weight of authority is that where the policy prescribes and regulates the method of changing beneficiaries any attempt to make such change in any other method is ineffectual."

Appellee advances the argument that "the insurer had the right and power to waive, by interpleading the claimants, the provision of the master policy which prescribes the method of changing the beneficiary, since this provision is solely and purely for its own convenience and benefit." This position is untenable. When the insurance company was faced with the conflicting claims of defendants, it unquestionably had the right to ask the court by interpleader to determine to which of the claimants the proceeds of the policy rightfully belonged and thereby protect itself against possibility of double liability. It would be a strange doctrine which would permit the insurer to go into court in this manner to protect its own right and by so doing waive the rights of others. The rights of the respective parties to the fund were fixed by law upon the death of the insured and could not be affected by the action of the insurer in bringing the money into court by interpleader in order to be relieved of litigation because of conflicting claims to it. (*Grand Lodge A. O. U. W. v. Ehlman,* 246 Ill. 555; *Supreme Council of Royal Arcanum v. McKnight,* 238 Ill. 349; *Freund v. Freund,* 218 Ill. 189.)

We are impelled to hold that the method provided in the insurance policy in question for changing the

beneficiary was exclusive and that defendant Anna Belle Jones is entitled to the proceeds of such policy. Other questions are argued but in view of the conclusion reached, it is not necessary to consider them.

For the reasons stated herein the decree of the circuit court is reversed and the cause is remanded with directions to award the fund in question to defendant Anna Belle Jones and to order the clerk of the circuit court to pay same to her.

*Decree reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.