William E. Suga, Plaintiff-Appellant, v. Anna Suga and Aetna Life Insurance Company of Hartford, Connecticut, Defendants-Appellees.

Gen. No. 48,592.

First District, Second Division.

May 9, 1962.

Ben Copple and Keane, Lancaster, Keane, Gomberg and Bolton, all of Chicago, for appellant.

Alfred M. Loeser, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

John Suga was insured by Aetna Life Insurance Company under two group life insurance certificates while employed by a corporation. Anna, his wife, was named beneficiary in each certificate. On August 29, 1957, Mr. Suga executed his last will, a paragraph which reads:

"I give, devise and bequeath all of my personalty of whatsoever kind, nature and description, whereso-ever situated, of which I may die seized or possessed, or to which I may be entitled or have any interest in at the time of my death, specifically all interest in all my life insurance policies, to my beloved son, WILLIAM E. SUGA, . ... ."

John Suga died December 1, 1960. His will was admitted to probate.

The son, William E. Suga, filed a complaint against his mother and the insurer for a judgment declaring that he is entitled to the proceeds of the policies. The insurer deposited with the Clerk the amount called for by the policies, $8,800, and was dismissed. The court sustained the widow's motion to dismiss the complaint and directed that the clerk pay the $8,800 to her. The son, appealing, asks that we reverse the judgment and remand the cause with directions that the Clerk pay the $8,800 to him.

The pertinent provisions of the certificates read:

No. 52000. "The employee may change his designation of beneficiary as often as desired by written request filed at the Headquarters of the Employer or at the Home Office of the Insurance Company. Such change will take effect as of the date of execution of such request, whether or not the Employe be living at the time of such filing, but without prejudice to the Insurance Company on account of any payments made by it before receipt of such request at its Home Office."

No. 0102. "The Employe, whether or not employment has terminated, may designate a beneficiary or change his designation of beneficiary from time to time by written request filed at the Home Office of the Insurance Company. Such designation or change will take effect as of the date of execution of such request, whether or not the Employe be living at the time of such filing, but without prejudice to the Insurance Company on account of any payments made by it before receipt of such request at its Home Office."

We agree with the observations of plaintiff that the insured has the right to change his beneficiary from time to time, that the insurer is not required to endorse the certificates, that no special form of request is required, that notice of change of beneficiary is not required to be given to or received by the insurer

during the lifetime of the insured, that the rights of the named beneficiary do not vest upon the death of the insured where a written request for change is executed prior to death, and that the insured need not be living at the time the insurer receives the request for change of beneficiary.

██ Plaintiff's theory is that the certificates of insurance permit a change of beneficiary by will and that the will should be given effect. He argues that the word "request" may be equated with a disposition by will and that the word "request" must be held to include a testamentary disposition. He urges that the court give effect to the desire for change of beneficiary expressed by the insured, pointing out that were a written document found among insured's papers after his death requesting a change in beneficiary, the insurer, on presentation, would honor it. He says that leaving a will disposing of the proceeds of insurance should be treated as any other written document requesting change of beneficiary where the contract provisions permit the change to be made after death of the insured.

██ The change of beneficiary requires a written request filed at the headquarters of the employer or at the home office of the insurer. The insured need not be living at the time the request is filed. The insurer is protected by payments made before receipt of the request. The change of beneficiary pursuant to the request takes "effect as of the date of execution of such request." A will is the legal declaration of a person's intention by which he disposes of his estate, to take effect after his death. 94 CJS Wills, Sec 1, p 676. We have found no case dealing with a provision for change of beneficiary similar to that in the certificates involved in this case. Where the policy regulates the method of change of beneficiary, the method prescribed is generally held to be exclusive to that extent. Metropolitan Life Ins. Co. v. Jones, 307 Ill

App 652, 30 NE2d 937. The expression in a contract of one or more things of a class implies the exclusion of all not expressed. Moore v. Southern Independent Oil & Refining Co., 326 Ill App 112, 115, 61 NE2d 684. The will took effect at the death of John Suga on December 1, 1960. It was executed on August 29, 1957, three years before it took effect. Until death the testator could destroy or change the will. The insurance certificate required that the written request to change the beneficiary take effect as of the date of execution. The testator and whoever counseled him in the drafting of the will knew as a matter of law that the will would not take effect until death. In our opinion the will was not a request to change the beneficiary. The rights of the widow became vested on the death of her husband. The change effected by the request must be made during the life of the insured although he need not be living at the time of the filing of the request. In order for the will to be effective the testator had to be dead. We think that the trial judge was right in deciding that under the certificates there was no effective change of beneficiary and that the widow is entitled to the proceeds. In passing it may be noted that the employee is not required to designate a beneficiary. It would appear that an employee who does not designate a beneficiary may bequeath the proceeds of the certificate in accordance with the general rule that in the absence of policy or statutory provisions providing otherwise, a testator may by will dispose of a life insurance policy. 94 CJS Wills, Sec 86, p 792.

The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J., concurs.

BRYANT, J., dissents.