**Donna Sue GRAVES, Appellant
(Plaintiff Below),**

v.

**SUMMIT BANK, Michael Lockhart, Executor of the Estate of Richard E. Lockhart, Appellees (Defendants Below).**

No. 02A04–8811–CV–374.

Court of Appeals of Indiana,
Fourth District.

Aug. 2, 1989.

Phyllis J. Emswiller, George E. Martz, Martz Swingler & Emswiller, Indianapolis, for appellant.

Linda Peterson Powell, Helmke, Beams, Boyer, Wagner, Fort Wayne, for appellees.

CHEZEM, Judge.

## Case Summary

Appellant, Graves, appeals the denial of her motion for summary judgment and the entry of summary judgment in favor of Appellee, Michael Lockhart, as Executor of the Estate of Richard E. Lockhart (the executor). We reverse.

## Issues

I. Whether Graves was barred by I.C. 29-1-14-2 from bringing an action against the personal representative of the estate after the five (5) month limitation period had expired and whether the executor waived the issue by failing to seek a ruling on his motion to dismiss and by failing to include the issue in his motion for summary judgment and his memorandum in support.

II. Whether I.C. 32-4-1.5-1, *et seq.*, which governs nonprobate transfers of multi-party accounts, applies to an Individual Retirement Account and whether a dissolution of marriage, subsequent to the execution of a designation of beneficiary form, suspends operation of the beneficiary designation.

III. Whether I.C. 31-1-11.5-1, *et seq.*, which defines, and governs disposition of, marital property precludes a former spouse from claiming the proceeds, as beneficiary upon death of the owner, of an Individual Retirement Account, which had been determined to be the sole property of the deceased spouse in the Property Settlement Agreement in the dissolution proceeding.

## Facts

On January 5, 1981, Richard E. Lockhart, the decedent, opened an Individual Retirement Account (IRA) with the Summit Bank (formerly People's Trust Bank) which was to be funded by various certificates of deposit. The decedent designated "Dona (sic) Lockhart, wife as per will" as the beneficiary to the proceeds of the account in the event of the decedent's death.

On September 30, 1983, the marriage of Richard and Donna (Graves) Lockhart was dissolved. In the dissolution decree, the IRA was awarded to the decedent. Donna's maiden name was restored; however, it is undisputed that Dona Lockhart and Donna Sue Graves are one and the same person.

After the dissolution, the decedent changed his will by naming his sons as devisees and legatees to the will. The decedent did not change the beneficiary to the IRA. On March 30, 1987, the decedent died.

On December 4, 1987, Graves filed suit against Summit Bank and the executor of the decedent's estate for breach of contract and recovery of the funds in the IRA. Summit Bank was dismissed as a party to the action by a stipulated order in which the bank was required to pay the funds to the prevailing party. Both parties filed motions for summary judgment. The trial court entered summary judgment for the executor and against Graves.

## Discussion and Decision

### I

When reviewing a summary judgment, the standard on review is the same as it was for the trial court: whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Farm Bureau Co-op. v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193. We stand in the position of the trial court and consider the same matters. *Moll v. South Central Solar Systems* (1981), Ind.App., 419 N.E.2d 154. A fact is material for summary judgment purposes if it helps to prove or disprove an essential element of

the plaintiff's cause of action. *Delk v. Board of Commissioners of Delaware County* (1987), Ind.App., 503 N.E.2d 436.

■ Lockhart asserts Graves' claim is barred by her failure to bring her claim within the five (5) month creditor claim period established by I.C. 29–1–14–2. Graves argues in her reply brief that the claim is not barred since her claim does not seek probate assets, but rather seeks the balance of the IRA account, which she alleges to be a non-probate asset.

At issue here is the ownership of an asset. The executor does not have custody of the asset, nor has he instituted an action to recover the funds. While the executor has been named as a party defendant in the action, the estate will not be subsequently liable if Graves were to prevail. While not stating so, this is, in reality, an action for declaratory judgment, pursuant to Indiana Rules of Trial Procedure Rule 57, in which Graves is seeking a judicial declaration of property rights.[1] Therefore, I.C. 29–1–14–2 has no application to this cause of action.

■ Also, the executor has not properly preserved the issue for our review. He first raised the issue by the "Defenses" which were filed with his answer. The closing paragraph of the defenses purported to move for a dismissal; however, no ruling was ever made on the motion, nor was any ruling ever sought by the executor. Likewise, the executor did not argue for application of the statute in his motion for summary judgment or in his supporting memorandum. Error may not be predicated upon the failure of the trial court to rule

on a motion; we cannot assume the motion was denied. Therefore, he has waived the issue. *Watkins v. State* (1983), Ind., 446 N.E.2d 949, 963.

## II

Graves argues that the trial court erred by failing to apply I.C. 32–4–1.5–1, *et seq.*, which governs non-probate transfers by multi-party bank accounts. Graves submits that the IRA was not intended to be a joint account, but argues that the account is a P.O.D. account as defined in I.C. 32–4–1.5–1(10) and (11) which read as follows:

> (10) "P.O.D. account" means an account payable on request to one (1) person during lifetime and on his death to one or more P.O.D. payees, or to one or more persons during their lifetimes to one or more persons and on the death of all of them to one or more payees;

> (11) "P.O.D. payee" means a person designated on a P.O.D. account as one to whom the account is payable on request after the death of one or more persons ...

*Id.*

If the account is a P.O.D. account, then the funds in the account became the property of the surviving P.O.D. payee—Graves—at the death of the original payee—the decedent.[2] The executor counters that this statute does not apply here, since: (A) Graves and Lockhart were divorced; (B) At the time of Lockhart's death, Graves was no longer "Dona Lockhart;" and (C) Graves was not Lockhart's

---

1. The original complaint was for breach of a third party beneficiary contract. However, the stipulated order of the parties, which permitted the dismissal of the bank, has impliedly rendered this an action for declaratory judgment. *See* R. at 90–91.

2. While a "P.O.D. payee" is defined in I.C. 32–4–1.5–1(11), an "original payee" is not defined. However, the context dictates that an original payee is the person who opened the account. I.C. 32–4–1.5–3(b) reads in pertinent part as follows:

    (b) A P.O.D. account belongs to the original payee during his lifetime and not to the P.O.D. payee or payees ...

*Id.*

The statute provides for disposition of the account after the death of the original payee in I.C. 32–4–1.5–4(b), which reads in pertinent part as follows:

    (b) *If the account is a P.O.D. account, on death of the original payee* or of the survivor of two [2] or more original payees, *any sums remaining on deposit belong to the P.O.D. payee* or payees if surviving, or the survivor of them if one or more die before the original payee (emphasis added) ...

*Id.*

"wife as per will," since Lockhart's will stated that he was a single man.

### A

■ The dissolution had no legal effect upon the designation of a beneficiary to a non-probate transfer. The legislature enacted a statute which revokes testamentary transfers to former spouses when a will was executed prior to the divorce. *See* I.C. 29–1–5–8. There is no such language in the statutes controlling non-probate transfers by multi-party accounts. Also, Indiana case law is clear, in the context of life insurance contracts, that a divorce decree alone does not result in a change of the beneficiary named in the insurance policy. *Farra v. Braman* (1909) 171 Ind. 529, 86 N.E. 843; *Hancock v. Kentucky Central Life Insuance Co.* (1987), Ind.App., 527 N.E.2d 720; *Wolf v. Wolf* (1970), 147 Ind.App. 240, 259 N.E.2d 93.

The executor argues the above cases all involved term insurance and not policies which have "cash value;" hence, a different rule should apply to life insurance policies that have "cash value," pensions which vest and accounts such as the one here. We do not see any reason to create a distinction in the rule. While "whole life," "universal life," etc., type life insurance policies are personal property which may be assigned, transferred or sold, so are term insurance policies. The fact that term insurance policies have no "cash value" which is payable from the insurer to the owner of the policy does not render such a policy non-property. Therefore, we apply the same rule to IRA's that is presently applied to term life insurance policies.

### B

Second, in support of his argument that Donna Sue Graves is not Dona Lockhart, the executor cites us to *Herdman v. McCormick* (1942), 111 Ind.App. 169, 40 N.E.2d 1009. The executor argues that *Herdman* stands for the proposition that the designation of a beneficiary to non-probate assets is revoked by operation of law by a divorce. In *Herdman*, Mack McCormick, the husband, had designated "my wife, Mildred McCormick" as the benefi-

ciary to his pension with the Pennsylvania Railroad Company. Subsequently, the McCormicks were divorced and Mildred had her maiden name restored. Sometime after this Mack McCormick died without ever having changed the designated beneficiary. This court determined that the beneficiary did not exist in status or in person since she was neither Mack McCormick's wife, nor was she Mildred McCormick at the time of Mack's death. *Id.*

The pensions of the Pennsylvania Railroad Company were governed by contract provisions which required that three (3) conditions precedent be satisfied before a beneficiary was entitled to receive the proceeds of the pension. The failure of the conditions precedent permitted the Relief Department to change the beneficiary pursuant to its own regulations. The failures were described as follows: "(1) In the event the designated beneficiary should not be living; (2) in the event the designated beneficiary should be incapacitated (incompetent); and (3) in the event there should be no such person." *Id.* 111 Ind.App. at 171, 40 N.E.2d at 1010.

In *Herdman*, this court recognized the general rule was that in absence of a controlling statute or by-law, or some contract provision on the subject, the designation by name of a wife of a member of a fraternal benefit order is not abrogated *ipso facto* by subsequent decree of absolute divorce granted the wife. *Id.* 111 Ind.App. at 177, 40 N.E.2d at 1012 *citing Farra v. Braman* (1909), 171 Ind. 529, 86 N.E. 843; 2 Couch, *Cyclopedia of Insurance Law*, Sec. 440i. The court construed the third condition to mean a change in legal status. Therefore, the court held, for purposes of the pension, Mildred Herdman was neither Mack McCormick's wife, nor was she Mildred McCormick.

Here, the executor does not present any evidence of any conditions precedent such as the ones found in *Herdman*. Absent such a showing, we will not construe "Dona Lockhart" as non-existent. *See Hancock v. Kentucky Central Life Insurance* (1987), Ind.App., 527 N.E.2d 720.

### C

Third, the executor argues that Lockhart's inclusion of the words "wife as per

will" have legal significance and preclude operation of I.C. 32-4-1.5-1 *et seq.* We disagree. The words are mere surplusage and have no legal effect. The form, which Lockhart filled out and signed to open the account, had a blank which asked the relationship of Lockhart to the beneficiary. The form did not call upon such a relationship as a condition precedent, as was the case in *Herdman.*

■ The executor also urges that, even if the statute applies, the will, in which Lockhart removed all bequests to Graves after the dissolution of marriage, was indicative of a contrary intent that Graves be the P.O.D. payee. Intent must be measured from the time of the opening of the account, and not after subsequent events. Furthermore, the will is not dispositive of non-probate transfers. The statute specifically states that a beneficiary designation cannot be changed by will. I.C. 32-4-1.5-4. Thus, the will, which was executed subsequent to the opening of the account, was irrelevant to determining intent at the time the account was opened.

P.O.D. accounts are not presumed to be pay on death accounts; they *are* pay on death accounts. Once a person has established four (4) elements, the claimant is entitled to the proceeds of a P.O.D. account. The elements are as follows: 1) the account is a P.O.D. account; 2) the claimant is the P.O.D. payee; 3) the original payee is dead; and 4) that there are sums remaining in the account. *See Rubsam v. Estate of Pressler* (1989), Ind.App., 537 N.E.2d 520.

Unlike joint accounts, the party resisting payment to the claimant may not prevail by arguing that the payment upon the death of the original payee was not intended; payment on death to the designated beneficiary is the sole purpose of a P.O.D. account. For joint accounts, the statute specifically permits parties to rebut the presumption of survivorship by clear and convincing evidence. I.C. 32-4-1.5-4(a). There is no such language that refers to P.O.D. accounts. *See* I.C. 32-4-1.5-4(b). The executor could have raised the defenses of fraud, undue influence, duress or mistake, but he would have borne the burden of proving those defenses by clear and convincing evidence. *In re Estate of Fanning* (1975), 263 Ind. 414, 333 N.E.2d 80, 85.

The executor has not offered evidence that would raise a genuine issue of material fact as to the first or second elements of Graves' claim. He offered no evidence on the third or fourth elements, and he did not assert the defenses of fraud, undue influence, duress or mistake. Accordingly, there is no genuine issue of material fact as to the application of the statute, and Graves is entitled to the proceeds of the IRA.

### III

■ The executor argues the IRA was personal property which was disposed of by the September 30, 1983 Property Settlement Agreement. That agreement, which became a final order and judgment of the dissolution court, disposed of all marital property in the dissolution action. In that agreement, Graves was awarded certain personal property—which did not include the IRA—and Graves agreed to relinquish all claims to any property awarded to the decedent.

Graves does not dispute that the IRA was solely the decedent's property prior to his death. However, Graves contends the account was a P.O.D. account pursuant to I.C. 32-4-1.5-1, *et seq.*, as discussed above, and the Property Settlement Agreement had no effect upon the designation of beneficiary since Graves had no property interest to relinquish at the time of the Agreement.

We agree. In *Wolf v. Wolf, supra,* the court held that a release in a property settlement agreement did not prevent the former spouse from receiving the proceeds of an insurance policy where the beneficiary to the policy had not been changed after a divorce. The court determined that the beneficiary held no property interest until the death of the insured; the only interest held by the beneficiary until that time is a mere expectancy. Judge Hoffman wrote as follows:

Therefore, that the policy was the sole property of the deceased and during his

lifetime he could name as beneficiary anyone he wished. The mere expectancy that arose because appellee was named as beneficiary was not a property right prior to the demise of the named insured. Only after the death of the named insured did her expectancy ripen into a vested right to the proceeds of the policy.

*Id.* 147 Ind.App. at 244, 259 N.E.2d at 95.

Again, we see no reason why this rule should not be applied to an IRA, as it has been applied to life insurance policies. At the time of the entry of the Property Settlement Agreement, Graves possessed no property right in the IRA. She merely had an expectancy. Lockhart was free to change the beneficiary at any time. He did not do so.

For all of the above reasons, there is no genuine issue of material fact, and Graves is entitled to a judgment as a matter of law. Accordingly, the entry of summary judgment in favor of Lockhart is reversed and we remand for the trial court to enter judgment in favor of Graves.

CONOVER, P.J., and MILLER, J., concur.