The ESTATE OF Frank Joseph ANELLO, Jr., Plaintiff and Appellee,

v.

Viann McQUEEN and Dean Witter Reynolds, Inc., Defendants and Appellants.

No. 960173–CA.

Court of Appeals of Utah.

Aug. 1, 1996.

Helen E. Christian, Gustin & Christian, Salt Lake City, for Appellants.

Kellie F. Williams, Corporon & Williams, P.C., Salt Lake City, for Appellee.

Before DAVIS, Associate P.J., and BILLINGS and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

Appellant, Viann McQueen, the former wife of Frank Joseph Anello, Jr. (decedent), appeals from an order of summary judgment granting the personal representative of decedent's estate funds from decedent's individual retirement account (IRA) with Dean Witter Reynold's, Inc. We reverse and remand.

## FACTS

In June 1993, in contemplation of divorce, decedent and appellant entered into a Property Settlement Agreement to divide their real and personal property. This agreement, drafted by the parties, stated that it was "intended to be the full, complete and final adjustment of any and all property rights ... existing as of the date of this agreement." The provision pertinent to this appeal states, "[Decedent] has an Individual Retirement Account in the approximate amount of $53,-000. [Appellant] hereby relinquishes all claim to this account." Other provisions listed appellant as survivor beneficiary of decedent's civil service retirement and decedent as the survivor beneficiary of appellant's civil service retirement.

The Decree of Divorce, entered November 1993, incorporated the terms of the parties' settlement agreement. The decree provided: "[Appellant] and [decedent] are awarded their own separate IRAs, as their individual and separate property, free and clear of any claim or interest of the other party." Also, decedent was awarded his Martin Marietta retirement and insurance on condition that he name appellant as survivor beneficiary for both accounts.

At the time the parties entered their settlement agreement, decedent contacted his stockbroker to remove appellant as beneficiary on his IRA and received a change of beneficiary form. At some later date, decedent again contacted his stockbroker and informed him that he had lost the change of beneficiary form and requested a new one. The stockbroker's secretary mailed decedent a change of beneficiary form which she had filled out with decedent's name, address, social security number, and telephone number.

She also attached a note, stating: "To change the beneficiary on your IRA, please fill in the information, sign and return the form in the envelope provided."

Decedent died in December 1993 without changing the beneficiary on his IRA. The second change of beneficiary form sent to decedent was found, unsigned, among his personal effects.

The personal representative of decedent's estate filed this action for declaratory judgment, seeking the estate be named as the owner of decedent's IRA. The trial court granted summary judgment in favor of the estate, and appellant brought this appeal.

## ANALYSIS

Appellant argues that disputed material facts exist as to decedent's intent to remove her as beneficiary of his IRA precluding summary judgment and that as a matter of law she did not clearly waive her rights as beneficiary to the proceeds of decedent's IRA account.

■ Summary judgment is only appropriate when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Utah R.Civ.P. 56(c). On appeal, we review the trial court's grant of summary judgment for correctness, viewing all facts and all reasonable inferences in a light most favorable to the nonmoving party. *Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993).

## I. INTENT TO CHANGE BENEFICIARY

■ Appellant argues there are material facts as to decedent's intent to remove her as beneficiary which preclude summary judgment. More specifically, appellant argues the following facts are material and disputed: (1) decedent intended to change the beneficiary of the IRA account; (2) decedent was in the process of changing the beneficiary at the time of his death; (3) decedent requested forms to change the beneficiary; and (4) decedent's sudden death prevented him from completing the change-of-beneficiary process that he had begun.

■ "[A]n insured must only substantially comply with the policy requirements for making a change of beneficiar[y]." *Bergen v. Travelers Ins. Co.*, 776 P.2d 659, 663 (Utah App.1989). Under Utah law, " '[a] change-of-beneficiary is effective when it is clear that the insured intends a change, has a right to make a change, and takes reasonable steps to bring about a change.' " *Id.* (citation omitted).

We agree with appellant that material issues of fact are in dispute such that reasonable minds could differ as to whether decedent intended to remove her as beneficiary and therefore summary judgment was inappropriate.

## II.  WAIVER OF INTEREST

Next, appellant argues the trial court erred when it alternatively ruled the language of the parties' settlement agreement and divorce decree waived her expectancy interest as beneficiary of decedent's IRA account.

■ Utah follows the general rule that divorce alone does not terminate a former spouse's rights as a beneficiary; however, the former spouse's rights can be divested by a clear relinquishment of those rights in a separation agreement or divorce decree. *See Culbertson v. Continental Assurance Co.*, 631 P.2d 906, 909–10, 912 (Utah 1981); *accord McClain v. Beder*, 542 P.2d 424, 425–26 (Ariz.Ct.App.1975); *Christensen v. Sabad*, 773 P.2d 538, 540 (Colo.1989) (en banc); *Beneficial Life Ins. Co. v. Stoddard*, 516 P.2d 187, 188 (Idaho 1973); *Redd v. Brooke*, 96 Nev. 9, 604 P.2d 360, 361–62 (1980); *Aetna Life Ins. Co. v. Wadsworth*, 102 Wash.2d 652, 689 P.2d 46, 51 (1988) (en banc).

■ Our case law also recognizes that general expressions or clauses in [separation] agreements are not to be construed as including an assignment or renunciation of expectancies; therefore, a beneficiary retains his [or her] status ... if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under the will or insurance contract of the other.

*Culbertson*, 631 P.2d at 910. Whether the language of a certain document constitutes a clear relinquishment of rights is a question of law, which we ascertain by looking at the parties' intent as manifested by the written terms of the document. *Napper v. Schmeh*, 773 P.2d 531, 533 (Colo.1989) (en banc).

■ Both parties rely on *Culbertson* to support their positions on appeal. This is not surprising as the holding of *Culbertson* is less than crystal clear. However, our reading of *Culbertson* is that the supreme court chose to follow the line of authority exemplified by the Nevada Supreme Court's decision in *Redd v. Brooke*,[1] which requires "explicit language in a divorce decree to divest a former spouse of his or her rights as designated beneficiary." 604 P.2d at 362; *see Culbertson*, 631 P.2d at 912–13. Our reading of *Culbertson* as requiring explicit language distinguishing between future and present interests to divest a former spouse's future interest as a beneficiary is supported by language throughout the case. *Culbertson* states that when a spouse relinquishes any claim to ownership in a settlement agreement or divorce decree, there must additionally be "a specific provision ... explicitly waiving the expectancy interest the former spouse is entitled to receive ... as beneficiary." 631 P.2d at 912.

Further, the court found that an expectancy interest can only be waived when "the parties' attention was directed to the expectancy ... and there was [an] expressed intention to waive all interest, present and future." *Id.* at 913. Significantly, the court noted the importance of "[t]he distinction between the ownership interest of an insured and the expectancy of a beneficiary." *Id.* at 910. A beneficiary's expectancy interest is a future, inchoate interest, not a present property interest. *Id.* at 909–10; *see also Mullenax v. National Reserve Life Ins. Co.*, 29 Colo.App. 418, 485 P.2d 137, 139 (Colo.Ct. App.1971) (finding interest as beneficiary

---

1. In *Redd*, the language of the divorce decree provided "[t]hat each party be awarded life insurance on his or her life." *Redd v. Brooke*, 96 Nev. 9, 604 P.2d 360, 361 (1980).

"only a mere expectancy," not a present interest); *Aetna Life,* 689 P.2d at 52 ("[F]ailure to distinguish properly between present property rights ... and the expectancies of beneficiaries has created confusion....").

▮ In this case, the settlement agreement, which the parties intended to be "the full, complete and final adjustment of any and all property rights ... *existing as of the date of this agreement,*" provides that appellant *"relinquishes all claim* to [the IRA] account." (Emphasis added.) The divorce decree also states the parties "are awarded their own separate IRAs, as their individual and separate property, *free and clear of any claim or interest of the other party.*" (Emphasis added.) Additionally, the settlement agreement and divorce decree specifically delineated appellant and decedent as survivor beneficiaries on other accounts. Defendant was named as the survivor beneficiary on decedent's civil service retirement and Martin Marietta annuity and insurance.

Therefore, although the parties' agreement expressly contemplated their status as beneficiaries for other accounts, there is no explicit mention of this interest as to the IRA account. Additionally, the parties did not specifically waive their rights to take under the other's will, estate, or other right of inheritance.[2] Under these facts, we cannot conclude that the parties used the requisite specificity to waive the future expectancy interest in the IRA. Accordingly, we reverse the trial court's grant of summary judgment in favor of the estate.

## CONCLUSION

We conclude disputed material facts exist as to decedent's intent to change the beneficiary of his IRA which preclude summary judgment. Additionally, we determine, as a matter of law, that appellant did not waive her rights to any future expectancy interests in the IRA account. Therefore, we reverse the trial court's grant of summary judgment

and remand for further proceedings consistent with this opinion.

GREENWOOD, J., concur.

DAVIS, Associate Presiding Judge (dissenting):

I write in dissent to part II of the majority opinion. In particular, I believe the majority mistakenly interprets the specificity required by *Culbertson v. Continental Assurance Co.,* 631 P.2d 906 (Utah 1981), to divest a former spouse of a mere expectancy interest.

In *Culbertson,* the court expressed the rule that "general expressions or clauses in [property settlement] agreements [and divorce decrees] are not to be construed as including an assignment or renunciation of expectancies." *Id.* at 910. The *Culbertson* court then conducted a thorough analysis of the case law pertaining to the renunciation of expectancies in divorce decrees. In so doing, the court concluded that three categories of expectancy renunciation cases exist:

> In the first, the spouse, in the property settlement or decree of divorce, relinquishes any claim to ownership of the policies and frequently agrees to execute any documents to sever such interest. Unless there is in addition a specific provision in the decree or property settlement explicitly waiving the expectancy interest the former spouse is entitled to receive the proceeds as designated beneficiary.... In the second group of cases, the insurance policy is not specifically mentioned in the property settlement or decree of divorce, however, there are provisions effecting a complete settlement of the parties' property interests and awarding each all right, title, and interest to his respective property. An agreement with such general provisions is deemed merely to effect a division of the parties' property, and the courts rule they cannot reasonably infer from such language that the spouse has released an expectancy interest as the beneficiary under his former spouse's insurance policy. *In the third group of cases,*

---

**2.** In *Culbertson,* the language of the decree provided only that decedent was awarded "as his sole and separate property ... funds on deposit." 631 P.2d at 909, 913. We agree with the estate

that the language in this case is certainly stronger than *Culbertson* but nevertheless it does not deal with expectancies.

*the language in the property settlement or decree of divorce was sufficiently comprehensive as to establish clearly that the spouse had waived or relinquished any expectancy.*

*Id.* at 912–13 (footnotes omitted) (emphasis added). I believe the documents here at issue fall squarely within the third category.

Pursuant to the parties' settlement agreement, which specifically states, "[decedent] has an Individual Retirement Account in the approximate amount of $53,000", appellant clearly "relinquishe[d] *all* claim to th[e] account." (Emphasis added.) Additionally, the parties' decree of divorce states, "[appellant] and [decedent] are awarded their own separate IRA[s], as their individual and separate property, free and clear of *any* claim *or interest* of the other party." (Emphasis added.) In the settlement agreement, decedent's IRA was specifically identified and appellant, intending the agreement "to be the full, complete and final adjustment of any and all property rights ... existing as of the date of this agreement", relinquished *any claim* she may otherwise have had to the referenced account. Similarly, by the explicit terms of the parties' divorce decree, decedent was awarded his IRA "free and clear of *any claim or interest* of the other party." (Emphasis added.) This decree, by use of the term "any" in relation to "claim or interest" held by appellant, as well as specifically referencing decedent's "own separate IRA", and having more specifically identified the IRA in the Property Settlement Agreement,

is "sufficiently comprehensive as to establish clearly that the spouse had waived or relinquished any expectancy." *Id.* at 913.

Thus, this case does not fall within the first category set out in *Culbertson,* because the settlement agreement and the divorce decree both relinquish more than "any claim to ownership", but also relinquish any interests and/or claims to decedent's specifically identified IRA account, which necessarily include the expectancy interest and/or claim at issue here. This case obviously does not fall into the second *Culbertson* category because here decedent's IRA was specifically mentioned and addressed, along with several other specific insurance and retirement funds, among the enumerated list within the divorce decree. Hence, only the third *Culbertson* category remains, into which the facts of this case clearly fall.

Since, as a matter of law, appellant explicitly waived any expectancy she may otherwise have had to decedent's IRA, it is unnecessary to reach the issue of decedent's intent addressed in part I of the majority's opinion. I would affirm the trial court's order granting summary judgment in favor of the personal representative of decedent's estate.