The ESTATE OF Frank Joseph
ANELLO, Jr., Plaintiff and
Petitioner,

v.

Viann McQUEEN and Dean Witter
Reynolds, Inc., Defendants and
Respondent.

No. 960368.

Supreme Court of Utah.

Feb. 3, 1998.

Kellie F. Williams, Annalisa A. Steggel, Salt Lake City, for plaintiff and petitioner.

Helen E. Christian, Salt Lake City, for defendants and respondent.

STEWART, Justice:

We issued a writ of certiorari to review a Court of Appeals decision that reversed a

summary judgment in favor of the Estate of Frank Joseph Anello, Jr., and against Viann McQueen with respect to ownership of a $53,000 IRA that Anello had owned and that McQueen claimed as the designated survivor beneficiary. *Estate of Anello v. McQueen,* 921 P.2d 1030 (Ct.App.), *cert. granted,* 929 P.2d 350 (Utah 1996).

Frank Joseph Anello, Jr., died December 27, 1993, at the age of sixty-three. A probate petition was filed, and Patricia Israel, decedent's daughter, was appointed personal representative of the Estate. Anello and Viann McQueen were married June 14, 1975, and divorced December 10, 1984. They were married a second time December 29, 1985, and divorced again November 9, 1993, approximately a month and a half before his death. At Anello's death, McQueen was the designated survivor beneficiary of a $53,000 IRA that Anello owned. Before the second divorce decree was entered, Anello and McQueen entered into a property settlement agreement that was prepared by Anello and McQueen jointly and signed June 9, 1993. Neither party was represented by an attorney in the preparation of the settlement agreement, nor did an attorney review the agreement. Nevertheless, the agreement was written with remarkable sophistication as to the identification and disposition of the parties' property rights and interests in the various assets they owned.

The terms of the property settlement agreement provided the basis for the division of the marital estate in the divorce decree. To a large degree, those terms were incorporated into the decree. The property settlement agreement and the divorce decree identified specific IRAs and retirement plans the parties owned and the types of legal interests in such assets. It distributed to the parties the existing property interests and the expectancy or survivorship interests therein.

Anello had civil service retirement benefits. Paragraphs one and two of the property settlement allocated the right to the income and the survivorship interest as follows:

1. The divorce decree provided for the disposition of assets as follows:

1. Wife relinquishes any direct claim to share in monies derived from husband's civil service retirement income during his retirement years.

2. It is further agreed that Viann McQueen has always been named the survivor annuitant on husband's Civil Service Retirement, was granted the annuity in the previous divorce decree and has continued to be the annuitant at all times since husbands [sic] retirement in 1979. Husband agrees to sign an attachment to the Interlocutory Decree of Dissolution of Marriage and to execute any further documents with U.S. Civil Service Commission, Office of Personnel Management or any other agency as required, as are necessary to effectuate the agreement to name Viann as the continued beneficiary-survivor on husbands [sic] Civil Service Retirement.

McQueen also had civil service retirement benefits. Paragraph three of the property settlement agreement dealt with the right of survivorship as follows:

3. Viann is required by law to continue Frank as the survivor beneficiary on her Civil Service Retirement unless and until Frank specifically waives in writing his entitlement to be the named beneficiary. Each is the beneficiary survivor on the others [sic] Civil Service Retirement. Viann is still working Civil Service and is not eligible for retirement until age 60, in the year 2003.

Anello also had retirement benefits from Martin Marietta Company. However, because the parties were unable to agree as to the disposition of the interests therein, they decided to dispose of those interests at a later time, when they had more pertinent information. Paragraph five stated:

5. Husband is entitled to a retirement from Martin Marietta Co. Viann wishes to be named the beneficiary on his insurance. Husband is reluctant to do this. We lack adequate information to make an informed decision at this time. This item is to remain open and to be resolved to each parties [sic] satisfaction at a later date before the divorce is finalized.[1]

4. *MARTIN MARIETTA RETIREMENT.*

Paragraph seven of the agreement dealt with the IRA at issue here: "Husband has an Individual Retirement Account in the approximate amount of $53,000.00. *Wife hereby relinquishes all claim to this account.*" (Emphasis added.) The divorce decree stated, "Plaintiff and Defendant are awarded their own separate IRA, as their individual and separate property, *free and clear of any claim or interest of the other party.*" (Emphasis added.)

At Anello's death, McQueen, as the designated survivor beneficiary, claimed entitlement to Anello's IRA. The Estate filed an action against her to have the money in the IRA paid to the Estate. The trial court awarded the fund to the Estate, and McQueen appealed. The Court of Appeals reversed the trial court, ruling that McQueen had not waived or renounced any right she had to the survivorship interest in Anello's IRA. The Court of Appeals held that the property settlement agreement and the decree of divorce did not have the "requisite specificity" to effectuate a waiver, renunciation, or revocation of her interest as a survivor beneficiary. *Estate of Anello*, 921 P.2d at 1033. The Court of Appeals also held that there was a disputed material issue of fact as to whether Anello had taken sufficient steps to eliminate McQueen as the designated beneficiary of the IRA and remanded to the trial court for a determination of that issue.[2]

■ *Culbertson v. Continental Assurance Co.*, 631 P.2d 906 (Utah 1981), is dispositive of the issue as to whether McQueen's right to Anello's IRA as a designated survivor beneficiary was terminated by the property settlement agreement and/or the divorce decree.

We noted in *Culbertson*:

[E]ven though the beneficiary has not been changed in accordance with the statute or policy, if the language in a particular decree of divorce must be construed as a waiver or renunciation of a party's right to take as a beneficiary, then the proceeds of the policy may not be paid to the former spouse, although he [or she] remains the designated beneficiary.

*Id.* at 909.

The question presented in this case is whether the language of the property settlement agreement as embodied in the divorce decree was sufficiently specific to constitute a waiver of any expectancy interest McQueen held as a survivor beneficiary.

■ The general rule in Utah is that divorce alone does not terminate a former spouse's rights as a survivor beneficiary of an insurance policy, IRA, or retirement benefits, or as a devisee or legatee under a will. *Culbertson* stated:

[G]eneral expressions or clauses in such agreements are not to be construed as including an assignment or renunciation of expectancies; therefore, a beneficiary retains his [or her] status ... if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under the will or insurance contract of the other.

*Id.* at 910. Thus, one who has an expectancy interest in an asset owned by a former spouse retains that interest unless a property settlement or divorce decree evidences a clear intent to deprive that person of the expectancy interest in addition to disposing of existing property rights. For a waiver or renunciation of an expectancy interest to be found, it is not enough that there be general language from which a renunciation or waiver might be adduced. It must appear from the terms of the property settlement or divorce decree that (1) the document focuses on the survivorship interests or expectancies, and (2) the disclaimer of any future rights that might arise from such expectancies is clear. As stated in *Culbertson*, "[E]xpectan-

Defendant is awarded the monthly income he receives from his Martin Marietta retirement, as his separate property, provided, however, that Defendant be required to name Plaintiff as the beneficiary-survivor on his retirement annuity and the beneficiary of his insurance from said benefits.

2. Dean Witter was dismissed from the case after interpleading and agreeing to hold the disputed funds in escrow pending the outcome of the dispute between Anello and McQueen.

cies under a will or an insurance policy are regarded as waived only when it appears that the attention of the parties was directed to such expectancies and their intention to disclaim future rights that might develop from such expectancies was made clear in the contract." *Id.*

The precise issue to be resolved here is how clear the language must be in a property settlement or divorce decree to result in a renunciation or waiver of an expectancy. The Estate contends that the documents in this case evidence a clear intent that Anello and McQueen focused on the expectancy interest under the IRA and showed a termination or renunciation of McQueen's expectancy interest with respect to the IRA. The Court of Appeals held that there was no renunciation because there was no "explicit" language evidencing a renunciation.

*Culbertson* identified three general situations where expectancy renunciations may be asserted in the course of divorce proceedings:

In the first, the spouse, in the property settlement or decree of divorce, relinquishes any claim to ownership of the policies and frequently agrees to execute any documents to sever such interest. Unless there is in addition a specific provision in the decree or property settlement explicitly waiving the expectancy interest the former spouse is entitled to receive the proceeds as designated beneficiary.... In the second group of cases, the insurance policy is not specifically mentioned in the property settlement or decree of divorce[;] however, there are provisions effecting a complete settlement of the parties' property interests and awarding each all right, title, and interest to his respective property. An agreement with such general provisions is deemed merely to effect a division of the parties' property, and the courts rule they cannot reasonably infer from such language that the spouse has released an expectancy interest as the beneficiary under his former spouse's insurance policy. In the third group of cases, the language in the property settlement or decree of divorce was sufficiently comprehensive as to establish clearly that the spouse had waived or relinquished any expectancy.

*Id.* at 912–13 (footnotes omitted).

The property settlement agreement and the divorce decree do not explicitly state that McQueen renounces or relinquishes rights as a survivor beneficiary of the IRA in so many words, but the divorce decree uses language of renunciation that is comprehensive and, in the context of the decree and agreement, clear:

Plaintiff and Defendant are awarded their own separate IRA, as their individual and separate property, free and clear of any claim or interest of the other party.

That language clearly includes both existing property interests and future expectancies. Given the context of the documents and the specific focus of the parties on other expectancies arising from the assets with which they were dealing, we conclude that the parties used the terms "free and clear of any claim or interest of the other party" to mean all claims or interests including those interests they had just addressed in connection with their civil service retirement benefits and the Martin Marietta retirement and insurance benefits. Taking the documents as a whole and the language dealing with the IRAs in context, we see no room to doubt the parties' intent to accomplish a renunciation. To require more, as the Court of Appeals did, is to require a formalism that is more likely to defeat the clear intent of the parties than it is to effectuate that intent.

 We also disagree with the Court of Appeals that there are any material facts precluding summary judgment. McQueen failed to present any evidence, by affidavit or otherwise, *see* Utah R. Civ. P. 56; *Thayne v. Beneficial Utah, Inc.*, 874 P.2d 120, 124 (Utah 1994), that would sufficiently demonstrate Anello's intention to retain McQueen as beneficiary. It is undisputed that Anello twice requested the forms to formally change the survivor beneficiary on his IRA and Anello died only a month and a half after the divorce. An alleged statement that Anello wanted to get back together with McQueen, even if proved, simply would not be enough to establish as a matter of law that he had affirmatively waived or renounced any of the

provisions of the settlement agreement and divorce decree. Thus, even if we take the facts in the light most favorable to McQueen, Anello's Estate was entitled to summary judgment. We reverse the Court of Appeals' holding and reinstate the trial court's grant of summary judgment in favor of Anello's Estate.

Reversed.

HOWE, Associate C.J., and DURHAM and RUSSON, JJ., concur in Justice STEWART's opinion.

ZIMMERMAN, Chief Justice, dissenting:

I dissent. I would affirm for the reasons stated by the court of appeals. The law set forth in *Culbertson v. Continental Assurance Co.*, 631 P.2d 906 (Utah 1981), is sufficiently clear that it can be followed by any careful draftsperson. As it states, "Unless there is in addition a specific provision in the decree or property settlement explicitly waiving the expectancy interest the former spouse is entitled to receive the proceeds of the designated beneficiary." *Id.* at 912. This result obtains even though the "property settlement or decree of divorce relinquishes any claim to ownership of the policies."

The present provision does not meet *Culbertson*'s requirement. The general statement that "Plaintiff and Defendant are awarded their own separate IRA, as their individual and separate property, free and clear of any claim or interest of the other party" does not contain the additional specific provision waiving the expectancy interest required by that decision. Therefore, I agree with the court of appeals and would affirm it.